UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                                                    Case No. 811-77310-reg
                                                                                                Chapter   11

MA SALAZAR INC.

                                                    Debtor.

------------------------------------------------------------------------x

## MEMORANDUM DECISION ON REMAND

This matter is before the Court on remand from the District Court for the Eastern District of New York pursuant to a memorandum decision and order entered on September 17, 2013, discussing the scope and application of the inherent authority granted to the Bankruptcy Court to hold parties in contempt of its orders.  MA Salazar Inc. (the "Debtor") appealed this Court's decision denying its request to hold the  Incorporated Village of Atlantic Beach (the "Village") in contempt for violating an order of the Bankruptcy Court, and for failing to obtain an order from the Bankruptcy Court regarding the applicability of the automatic stay prior to taking action against the Debtor's property.   The order in question prohibited any party from entering the Debtor's premises.

Prepetition, the Village after extensive litigation had been authorized to demolish the Debtor's property, as the State Court ruled that demolition was necessary to protect the public from the unsafe structure on the Debtor's property.  After the order prohibiting any party from entering the Debtor's premises was entered, this Court found that the automatic stay did not apply to the proposed acts of the Village.   The Village failed to submit an order memorializing the Court's decision, and immediately proceeded to demolish the building.  In denying the

request for sanctions, this Court held that the automatic stay did not apply, therefore the Village could not be sanctioned based on a violation of 11 U.S.C. § 362(a).  This Court further held that it did not have the authority to impose sanctions based on a prior order that did not clearly set forth that the Village could be held in contempt for its failure to abide by the prior order.  The District Court reversed in part, holding that the Bankruptcy Court had inherent authority to sanction the Village for a violation of the automatic stay, and that the Bankruptcy Court had the inherent power to impose submission to its lawful mandates.  Because the prior order directing parties not to enter the Debtor's property was specific enough to put the Village on notice, and the Village's acts violated that order, the matter would be remanded for the Bankruptcy Court to make the following determinations:   whether 1) the Court ruled that the stay did not apply to the Village pursuant to section 362(b)(4), or whether the stay applied and the Court vacated the automatic stay to permit the Village to demolish the Debtor's building, 2) whether the Village should be sanctioned for violating the order prohibiting any party from entering the Debtor's property, and 3) whether the Village should be sanctioned for its failure to submit an order regarding the applicability of the stay prior to demolishing the Debtor's property.

First, the Court clarifies that the automatic stay did not apply to the Village as its actions were taken in the exercise of its police and regulatory powers under Bankruptcy Code §362(b)(4). Second, the Village's violation of the order prohibiting any party from entering the Debtor's property is not sanctionable. The Village believed in good faith that its conduct did not run afoul of this order.  Its belief stemmed from the fact that the Court ruled that the stay did not apply to the Village, and parties were prohibited from entering the Debtor's property for their own protection.  If anything, the Village's actions served to further the protection of the public. In addition, the record in the case demonstrates there  was honest confusion over whether this

order was meant to keep the Village from demolishing the Debtor's property once the Court ruled that the automatic stay did not apply. Third, the Village's failure to submit an order regarding the applicability of the automatic stay prior to demolishing the Debtor's property did not demonstrate bad faith. Without a finding of bad faith, the Village's conduct does not warrant the imposition of sanctions.

*Facts*

The Debtor is the owner of a parcel of real property ("Property") located in Atlantic Beach, New York. The parcel of land contained a mixed use commercial and residential building ("Building"). Prepetition, on July 6, 2011, following a trial, the Building was deemed unsafe, in violation of the New York State Property Maintenance Code, Chapter 1, Section 107.1.1. On September 26, 2011, the Debtor sought a temporary restraining order ("TRO") in State Court prohibiting the demolition of the Building. The request for a TRO was denied based on a finding that the Building had fallen into such a state of disrepair that it was unsafe to the public. On October 14, 2011 ("Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. According to the Debtor, the petition was filed in order to stop the pending demolition of the Building by the Village. On October 21, 2011, the Court held an emergency hearing at the request of the Village and entered an order ("Fence Order"). The Fence Order provided that the Village could discontinue utility service to the Building and the Debtor was directed to either consent to the demolition of the Building or install a fence surrounding the Building. The Fence Order contained language prohibiting any persons from entering, remaining or residing on the Property. No appeal was taken from the Fence Order. On October 25, 2011, the Debtor filed an affirmation attesting to the fact that a fence had been erected around the Building.

On November 15, 2011, the Village moved for a determination that the automatic stay would not apply to the Village's demolition of the Building pursuant to Bankruptcy Code § 362(b)(4), or that the automatic stay should be vacated to permit the Village to demolish the Building. The Debtor opposed the requested relief, and a hearing was held before the Bankruptcy Court on November 28, 2011. At the hearing, the Court opined that the case was a "poster child" for the "police and regulatory power" exception to the automatic stay, and found that the stay was inapplicable for this reason. The Court granted the Village's motion, and directed the Village to submit an order memorializing the Court's decision. Prior to submission and entry of an order, the Village entered onto the Property and began the demolition of the Building, which was completed by November 30, 2011. On December 19, 2011, the Debtor submitted a proposed order to the Bankruptcy Court vacating the automatic stay. On December 27, 2011, the Court entered the order submitted by the Debtor, which provides that "the automatic stay is vacated to the extent requested in the Motion so as to allow the Village to demolish the structure located on the Debtor's Property." The reference in the Debtor's proposed order regarding the applicability of the automatic stay was incorrect, but was entered unchanged. It appears that to the extent there was confusion as to the applicability of the automatic stay that confusion was the result of the Debtors counsel submitting an Order to this Court that it knew or should have known was inaccurate. No appeal was taken from the order vacating the stay.

On January 16, 2012, the Debtor brought a motion ("Sanctions Motion") pursuant to 11 U.S.C. § 362(a) and 11 U.S.C. § 362(k) seeking to sanction the Village for violating the automatic stay and to hold the Village in contempt for violating the Fence Order. The Village opposed the Sanctions Motion. On April 16, 2012, the Court stated on the record that the Village

acted within its police and regulatory power, and therefore the automatic stay did not apply to its actions. As to whether the Village violated the Fence Order, the Court held that the Fence Order was not specific enough to permit the Court to hold the Village in contempt of its provisions. On June 14, 2012, the Court entered a written order ("Order Denying Sanctions") denying the Sanctions Motion, and the Court also noted on the record that imposing sanctions with respect to the Fence Order would not be equitable because the Fence Order was ambiguous as to the issue of whether the Village's acts violated the Fence Order. Thereafter, the Debtor appealed the Order Denying Sanctions. On July 20, 2012, the Debtor's petition was dismissed pursuant to a motion made by the Office of the United States Trustee under Bankruptcy Code § 1112(b).

By memorandum decision and order dated September 17, 2013, the District Court for the Eastern District of New York reversed the Order Denying Sanctions in part, and remanded the matter to this Court. The Bankruptcy Court has been directed to clarify whether it had lifted the automatic stay, or whether it had determined that the stay never existed in the first place. The District Court also directed the Bankruptcy Court to consider whether, pursuant to its inherent authority, it should have sanctioned the Village for proceeding with the demolition under the circumstances of this case, and whether the Village acted in bad faith. According to the District Court, "the Fence Order was sufficiently specific and definite in its terms. Furthermore, it is undisputed that the Village received notice of the entry of the Fence Order. Finally, because the demolition necessarily required entry of persons onto the Debtor's property, the Court finds that the Village violated the Fence Order. The Bankruptcy Court's findings to the contrary [are] reversed."  In its conclusion, the District Court remanded the matter back to this Court to determine "whether (1) the court lifted the automatic stay or the stay never existed in the first place; (2) the court's inherent authority supported sanctioning the Village for proceeding with

the [d]emolition without submitting a proposed order to that court regarding the stay; and (3) that court's inherent authority supported sanctioning the Village for violating the Fence Order."

At a hearing held before the Court on January 16, 2013 in connection with an application by the Debtor for a stay pending its appeal to the District Court, this Court further clarified that there was no stay in place as to the Village's actions as it was enforcing its police and regulatory power. Furthermore, its actions in entering the Property and demolishing the Building did not constitute a violation of the automatic stay. At a hearing held on February 5, 2014, the Debtor acknowledged that this Court found that the demolition of the Building did not violate the automatic stay. Therefore, the remaining questions for the Court to consider on remand are whether the Village should be sanctioned for violating the Fence Order, or for demolishing the Building prior to entry of an order determining the applicability of the automatic stay. As the District Court noted in its decision on the appeal:

> 'Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. [The] court's inherent power to sanction derives from the fact that courts are vested, by their very creation, with power to impose submission to their lawful mandates.' *In re Plumeri*, 434 B.R. 315, 327-28 (S.D.N.Y. 2010 ) (quotations and citations omitted).

*M.A. Salazar, Inc. v. Inc. Village of Atlantic Beach,* 499 B.R. 268, 274 (E.D.N.Y. 2013). The District Court held that the terms of the Fence Order were specific and definite, and the Village violated the Fence Order. The District Court also held that the Bankruptcy Court possessed the inherent authority to sanction a party for violation of its own orders. This view is somewhat broader than the view taken by this Court at the hearing on the Sanctions Motion, which necessitated remand of this matter. In addition, the Court is to determine whether the Village should have been held in civil contempt of the Fence Order in proceeding with the demolition without first submitting a proposed order to the Court regarding the applicability of the stay.

*Discussion*

As noted by Judge Spatt, the standard for imposing sanctions based on the Court's inherent authority is relatively rigorous:

'[i]nherent-power sanctions ordinarily require a clear showing of bad faith on the part of the party to be sanctioned. Imposition of sanctions under a court's inherent powers requires a specific finding that an attorney acted in bad faith, and inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes.' [*In re Plumeri*, 434 B.R.] at 328. (citations and quotations omitted.) A court may infer bad faith where the action was "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *See Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000) (quotations omitted) (discussing sanctions under 28U.S.C. § 1927).

*Id*. In order to find that a party is in contempt of a court's directive, the court must determine that "(1) there is a 'specific and definite' order of the court which that party has violated and (2) the party had actual knowledge of that order." *Id.* (*citing Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2nd Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977) (other citations omitted)).

Judge Spatt concluded that the Village violated the Fence Order and that the Village had actual knowledge of the Fence Order. Judge Spatt remanded the matter to this Court to obtain further rulings regarding whether the Village should be held in contempt for violating the Fence Order, and whether the Village should be sanctioned for demolishing the Building prior to obtaining relief from the Fence Order. These rulings shall be undertaken in light of the fact that the Court ruled that the stay did not apply to the Village's acts regarding the Property, yet counsel to the Debtor submitted a proposed order vacating the automatic stay. This was in direct contravention of the Court's ruling, and entry of the order submitted by the Debtor has added unnecessary confusion to the record in this case.

The purpose of the Fence Order was to ensure that the public was not harmed by the Building, which was in serious disrepair, while this Court determined whether the automatic stay applied to the Village's efforts to demolish the Building. The Fence Order also preserved the status quo while this issue was sorted out in the bankruptcy proceeding. By demolishing the Building prior to entry of an order by the Court regarding the applicability of the automatic stay, the Debtor claims it was deprived an opportunity to seek further judicial intervention by an appellate court or another court of competent jurisdiction. According to the Debtor, the Village willfully and deliberately demolished the Building in order to preclude the Debtor from seeking further judicial relief.

The Village asserts that based on the Court's rulings from the bench that the stay did not apply and the Debtor's only recourse was to obtain an order from a state court, it concluded that the Fence Order no longer operated to preclude the Village from demolishing the Building. Applying the standard for determining whether the Village acted in bad faith, the Court concludes that this is not the case. The Village's actions were not entirely without color and were not motivated by an improper purpose. The record shows that the Village believed that the Court's rulings as to whether the stay applied served to remove any impediment remaining regarding the demolition of the Building. When faced with this very question, this Court concluded that the language of the Fence Order was insufficient to render the Village's actions sanctionable. On appeal, Judge Spatt drew a different conclusion and found the Fence Order was clear on its face. The Village's lack of clarity regarding the effect the Fence Order had with respect to the Village's right to demolish the Building is understandable. This Court found the Fence Order to be ambiguous on this issue, which is the reason this Court did not impose

sanctions against the Village in the first instance. This Court must now determine whether the Village should be sanctioned for its conduct.

The Village shall not be held in contempt for violating the Fence Order or for failing to submit a proposed order regarding the applicability of the stay. The Village does not regularly practice in the Bankruptcy Court and was operating under the impression that entry of an order was not necessary prior to demolishing the Building. Once the Court ruled from the bench that the automatic stay did not apply, and the Debtor's only remaining remedy was to seek relief from state court, the Village acted on the good faith belief, albeit incorrectly, that it could proceed to demolish the Building without submitting a further order to the Court. The Village was concerned that the Building posed a threat to the public safety, and had been authorized by the State Court to demolish the Building. The Village honestly believed that the only impediment to carrying out the demolition was a determination by this Court that the automatic stay did not apply to the Village's proposed actions. Entering an order of contempt under these facts is not appropriate. As quoted by Judge Lifland in *In re O.P.M. Leasing Services, Inc*., "'[t]he drastic nature of contempt . . . dictates that it should be used only in 'clear and urgent instances' of effrontery to the power of the court.'" 40 B.R. 380, 403 (Bankr. S.D.N.Y. 1984) (other citations omitted). The Village's conduct did not rise to the level of willful misbehavior. The court notes that the conduct of the Debtors counsel in this case created much of the confusion that it now wishes to rely upon in seeking sanctions against the Village. Therefore, sanctions shall not be imposed against the Village.

*Conclusion*

Having concluded that the Village did not act in bad faith and was not motivated to so act by an improper purpose, the Court declines to award sanctions against the Village. The Court shall enter an order consistent with this Memorandum Decision.

Dated: Central Islip, New York
      December 8, 2014                       By:    ***/s/ Robert E. Grossman***
                                                                         Robert E. Grossman,
                                                                         United States Bankruptcy Judge